In re FRANVIEW DRUG CORPORATION, Debtor.

Gerald A. RIMMEL, Plaintiff,

v.

William MORIAN, Defendant.

Bankruptcy No. 86–00217–DPM.
Adv. No. 88–0065(2).

United States Bankruptcy Court,
E.D. Missouri, E.D.

Aug. 25, 1988.

Deborah Benoit, Clayton, Mo., for plaintiff.

Edward B. Beis, St. Louis, Mo., for defendant.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

The Trustee, Gerald A. Rimmel, filed a Complaint to subordinate the claims of William Morian on March 15, 1988. The Defendant filed his Answer on April 15, 1988. The case was set for trial and heard on June 13, 1988. For the reasons stated below, this Court finds in favor of the Defendant and against the Plaintiff Trustee.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B) and (O), which the Court may hear and determine.

### FACTS

The parties stipulated to the facts of the case and they are not in dispute. The Defendant is the sole shareholder and officer of Franview Drug Corporation. He made unsecured loans to the Debtor corporation in the aggregate amount of $50,-169.70 as of the day of the filing of the bankruptcy petition. There were no promissory notes signed to evidence these loans. A loan balance showing a loan payable from William Morian to the Debtor corporation was reported on some of the monthly and annual financial statements of the corporation. The loan balance was disclosed on corporate tax returns for the Debtor corporation for the years 1979 through 1985. The Debtor employed Donald A. Fick as his accountant. On the advice of his accountant, the Defendant paid federal and state taxes on the amounts loaned to the corporation. Further, information on these loans was available through Dun & Bradstreet.

The Defendant also made a claim of $1,851.03 for the balance of medical bills not covered by medical insurance. These expenses were carried on the corporate records and it was the corporate policy that the Debtor corporation pay the medical insurance and balance of any medical bills not covered by the medical insurance.

### DISCUSSION

The Trustee contends the claims made by William Morian should be disallowed, or at least subordinated to the allowed claims of other creditors based on the principle of equitable subordination. The Eighth Circuit has adopted a three part test for determining whether equitable subordination is appropriate: (1) the claimant must have engaged in some type of inequitable conduct; (2) the conduct must have resulted in injury to the creditors or the bankrupt or conferred an unfair advantage on the claimant, and (3) equitable subordi-

nation of the claim must not be inconsistent with the provisions of the Bankruptcy Code. *In re Bellanca Aircraft Corporation*, 850 F.2d 1275 (8th Cir.1988). There are basically three general categories of inequitable conduct: (1) fraud, illegality, breach of fiduciary duties; (2) under capitalization; and (3) use of the debtor as a mere instrumentality, or all three of these. *Matter of Missionary Baptist Foundation of America, Inc.*, 712 F.2d 206 (5th Cir. 1983). There are no allegations of fraud in this case. Further, there has been no showing by the Trustee that the initial capital contribution was inadequate.

 The Trustee's contention is Franview Drug Corporation is the alter ego of William Morian and that the alleged loans were really capital contributions because there were no promissory notes to document the loans. He points to evidence that William Morian was the sole shareholder and officer of Franview Drug Corporation and no other individuals were involved in the business. However, there is no general rule that debts based on a shareholder loan will be subordinated in bankruptcy so long as the claimant did not act fraudulently or take unfair advantage of the creditors. *Matter of Rego Crescent Corporation*, 23 B.R. 958 (Bankr.E.D.N.Y. 1982). The Defendant identified these funds as loans from the stockholder to the Debtor corporation on his financial statements and corporate tax returns. This information was available through Dun & Bradstreet to any creditor who requested financial statements. Although the Defendant did not keep receipts or promissory notes of the loans, this lack of documentation does not support a finding that the transactions were capital contributions, but rather more indicative of the casual manner in which a sole shareholder deals with a corporation. *Matter of Rego Crescent Corporation* at 961.

The first prong of the three part test for determining whether equitable subordination is appropriate has not been met. This Court does not find that the Defendant has engaged in any type of inequitable conduct.

Therefore, equitable subordination is not appropriate in this case.

With respect to the medical payments, this Court heard testimony from Mr. Morian and found his testimony to be credible as to the corporate policy in dealing with hospital bills and medical insurance. The past business practices were such that the Debtor corporation always paid the medical insurance and balance of any medical bills not covered by the medical insurance.

This Court having heard the evidence at trial and having found the witness, William Morian, to be a credible witness, denies the Trustee's Complaint to subordinate the claims of William Morian. The loan was not a capital contribution and, therefore, his claim for $35,261.70 as an unsecured creditor will not be subordinated. Further, the Court will allow the claim for the medical bills filed by the Defendant due to the standard procedure between the Defendant and the corporation.